### PRICE et v DRYER

Ohio Appeals, 2nd Dist, Franklin Co

No 2399. Decided March 12, 1935

John H. Summers, Columbus, for plaintiffs.

C. C. Crabbe, Columbus, and Garek & Sillman, Columbus, for defendant.

### OPINION

By BARNES, J.

It is our conclusion and determination that the defendant had such knowledge and information relative to the restriction as precluded her from saying that she did not have either actual or constructive knowledge of the terms, conditions and duration of the restrictive agreement. Reference was made thereto in the abstract of title, also in the deed of conveyance through which she acquired title. The restrictive agreement was a matter of record and while there may be some question as to its

being eligible for record, yet the fact that it is referred to and carried into the deeds of conveyance makes it effective as a covenant.

In the case of **Arnoff v Williams et, 94 Oh St, 145,** Judge Newman in the opinion starting with page 142 discusses very fully the effect of a restrictive agreement even though they were not attested, acknowledged or recorded but were referred to in the deeds of conveyance.

The second specification in the application for rehearing reads as follows:

"(2) The entire Burt Street is now occupied by, and will continue to be occupied by colored persons. Mrs. Dryer's property is a modern high class structure, representing an investment of over $13,000.00. White tenants who occupied at the time she purchased failed to pay their rent and eventually moved out after exhausting the free rent. Mrs. Dryer tried to live up to the gentlemen's agreement that she was informed existed in the neighborhood. She tried to rent to white people, but could not secure a tenant. She then gave over her property to one rental agency after another. They could not find white tenants. If Mrs. Dryer is restrained, she will lose her investment and it is reasonable to assume that she will face a deficiency judgment in a suit by her mortgagee. Her property will be the only one on the entire Burt Street limited to occupation by white persons. It seems inequitable to restrain her under those circumstances. Occupation by refined colored persons will not have the slightest effect on the Eastwood Avenue owners."

The Supreme Court in this state has so fully analyzed and determined the question of restrictive covenants that there is nothing left in this case for determination on first impression. Under the rule of stare decisis we are bound to follow the principle as announced by our Supreme Court. It is not for us to determine as to the propriety or wisdom of entering into the restrictive agreement. The evidence conclusively shows that in 1925 this agreement was entered into and signed by all the then owners in the described area.

Having found that the defendant as a grantee in succession is bound by the agreement we are powerless to grant relief unless there is evidence presented of a changed condition.

Again the Supreme Court has said that relief can not be granted merely because of a changed condition of contiguous property to a defendant but each and every dominant lot within the restricted area has a right to insist upon the restriction so long as its observance will be of substantial value to the dominant lots.

See syllabus 2 from the case of **Brown v Hubert, 80 Oh St, 183:**

"Where such covenant or restriction is still of substantial value to the dominant lot notwithstanding the changed condition of the neighborhood in which said lot is situated, a court of equity will restrain its violation."

Also quoting from the last paragraph of the opinion:

"Under these circumstances, it being established that the acts of defendants would be in clear violation of the covenant and the restriction thereby imposed, a court of equity will not deny to plaintiff the relief she asks merely because the property of defendants can now be profitably utilized only in the manner contemplated by the proposed improvement."

Entry may be prepared as in the original opinion.

KUNKLE, PJ, and HORNBECK, J, concur.